UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dwayne Deleston, # 96350-071,<br>*a/k/a Dwayne Curtis Deleston*,<br><br>Petitioner,<br><br>vs.<br><br>Warden, FCI-Estill,<br><br>Respondent. | ) C/A No.: 6:10-2036-DCN-KFM<br>)<br>)<br>)<br>)<br>)<br>) Report and Recommendation<br>)<br>)<br>)<br>) |

The petitioner is a federal prisoner proceeding *pro se*, seeking habeas corpus relief pursuant to Title 28, United States Code, Section 2241.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

## BACKGROUND

On October 30, 2000, the petitioner pled guilty to one count of possessing with intent to distribute 50 grams or more of crack cocaine. On January 19, 2001, he was sentenced to the statutory mandatory minimum of 240 months imprisonment. The United States Court of Appeals for the Fourth Circuit denied his direct appeal on November 30, 2001, and the United States Supreme Court denied certiorari on April 1, 2002.

On January 2, 2002, the petitioner filed a motion pursuant to 18 U.S.C. § 3582(c)(2) and 28 U.S.C. § 1651(a), which the court construed as a 28 U.S.C. § 2255 motion and dismissed on November 12, 2002. The petitioner subsequently filed a § 2255 motion on November 18, 2002, and the court dismissed that motion as successive. The petitioner

appealed those decisions, and the Fourth Circuit vacated and remanded, determining that the petitioner was entitled to notice of the court's decision to re-characterize his first motion and the consequences of doing so. *United States v. Deleston*, 116 Fed. Appx. 454, 2004 WL 2677050 (4th Cir. Nov.24, 2004). The petitioner then filed another § 2255 motion on December 20, 2004, which the court considered on the merits and dismissed on May 2, 2005.

Despite the dismissal of his § 2255 motion on the merits, the petitioner has continued to file § 2255 motions (either explicitly titled as such or otherwise so designated by the court). One such motion was filed on June 8, 2009, accompanied by a motion for an evidentiary hearing, and a motion for recusal. The court dismissed the § 2255 motion, and denied the petitioner's motions for evidentiary hearing and for recusal on December 9, 2009. The petitioner then filed a § 2241 petition *six days after that order was entered.* Deleston now files the instant § 2241 petition in another attempt to set aside his conviction and sentence.

## DISCUSSION

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and other habeas corpus statutes. The *in forma pauperis* statute authorizes the district court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(i) and (ii). As a *pro se* litigant, the petitioner's pleadings are accorded liberal construction and held to a less stringent standard

2

than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*). However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

"As a threshold matter, it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255. *Rice v. Rivera*, Nos. 08-8191, 09-6001, 2010 WL 3474802, at *3 (4th Cir. Sept. 7. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)). "However, § 2241 may be utilized by a federal prisoner to challenge the legality of his or her conviction or sentence if he or she can satisfy the mandates of the so-called § 2255 'savings clause.'" *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). The "savings clause" states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). In other words, as applied here, the petitioner's § 2241 action is barred unless he can demonstrate that the relief available to him under § 2255 is inadequate or ineffective. The petitioner has failed to make such a showing. The relief provided a federal prisoner under § 2255, summarily stated, is a thorough review by the

court of the underlying conviction and sentence, and if successful, the correction or vacation of the sentence and ultimately the release of the prisoner from custody. The court fully considered the merits of the petitioner's § 2255 action before dismissing it in May 2005. The fact that the petitioner did not prevail in that case does not mean that the potential relief of § 2255 was inadequate or ineffective; it simply means that he was not entitled to it.

To trigger the "savings clause" of § 2255(e) and now proceed under § 2241, the petitioner would have to show that something more should be considered by the court than that authorized by § 2255, such as a retroactive change in the law as contemplated in *In re Jones*, 226 F.3d 328 (4th Cir.2000). In *Jones*, the Court held that a petitioner must show that "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." *Jones*, 226 F.3d at 333-34. As addressed below, none of the petitioner's claims meet this threshold.

The petitioner claims the second superseding indictment was not presented to the federal grand jury and that he would not have pled guilty had he known the court lacked jurisdiction to accept his plea due to the lack of a valid indictment. He also claims his sentence was improperly enhanced using a state misdemeanor conviction. He further alleges he is "actually innocent" because he never gave consent to search his vehicle. In

4

support of this claim, the petitioner cites *Arizona v. Johnson*, 129 S.Ct. 781 (2009) and asserts its holding requires this court to vacate his sentence.  In his motion to amend, which the undersigned has granted in an order filed contemporaneously with this matter, the petitioner alleges that he is also "actual[ly] innocen[t] for being an offender under the 100 to 1 ratio for crack cocaine to powder cocaine."

The petitioner's claims are insufficient to meet the prongs announced in *Jones*. Each argument challenges the underlying validity of the conviction or sentence and/or raises ineffective assistance of counsel claims, all of which could have been raised in a § 2255 motion. None of the points raised show any change in the substantive law, except for the last argument concerning the sentencing of crack versus powder cocaine. The Fair Sentencing Act of 2010 (reducing sentencing disparities between crack and powder cocaine to 18 to 1), however, is not retroactive. In *United States v. Miller*, No. 4:89-CR-120(JMR), 2010 WL 3119768, *2 n. 2 (D. Minn., Aug. 6, 2010), the court stated:

> On August 3, 2010, President Obama signed the Fair Sentencing Act of 2010, reducing sentencing disparities between crack and powder cocaine to 18 to 1. While the law is not retroactive, it is indicative of Congress's desire to resolve the sentencing disparities between these two drugs.

*Id.* As a result, this court does not have jurisdiction to entertain the petitioner's writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.

Furthermore, the petitioner's unsupported actual innocence claim is facially inadequate to require consideration, as he fails to allege any new, reliable evidence of any type that was not presented in any of his prior court proceedings that supports his innocence.  See *Schlup v. Delo*, 513 U.S. 298, 324 (1995) (to present a credible claim of

5

actual innocence, petitioner must "support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial"); *Thompson v. United States*, No. 99-3898, 2000 WL 571952 (6th Cir. 2000) (bare allegations of actual innocence as to the charge to which the petitioner pleaded guilty are not facially adequate to invoke exceptional review of a conviction under § 2241).

The petitioner attempts to use the ruling in *Arizona v. Johnson*, 129 S.Ct. 781(2009) to argue that he is actually innocent; however, in that matter, the Court held that the "patdown" of Johnson did not violate the Fourth Amendment's prohibition on unreasonable searches and seizures. At most, the ruling would go to the admissibility or exclusion of evidence. It does not make any kind of conduct "non-criminal," nor does it change any of the underlying facts of the petitioner's case. The same is true as it applies to the "new" law, raised in the petitioner's recently amended complaint, which is NOT retroactive.

In summary, the petitioner's claims are insufficient to invoke the savings clause embodied in § 2255, and as such, he is barred from proceeding with this habeas corpus action under § 2241.

## RECOMMENDATION

Accordingly, it is recommended that the § 2241 petition in the above-captioned case be dismissed *without prejudice* and without requiring the respondents to file a return.

                s/Kevin F. McDonald
                United States Magistrate Judge

September 8, 2010
Greenville, South Carolina

***The petitioner's attention is directed to the important notice on the next page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Room 239
300 East Washington St.
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).